UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PALL CORPORATION,

        Plaintiff(s),   CV 05-5894 (RMM(WDW)

   -against-        **ORDER**

ENTEGRIS, INC.,

        Defendant(s).
------------------------------------------------------------------X

**WALL, Magistrate Judge:**

  On April 16, 2008, I heard oral argument by telephone on the plaintiff's motion to compel (DE[117]), and granted it to the extent that Entegris was ordered to produce unredacted copies of those 28 documents listed in Exhibit B of the plaintiff's motion. DE[120]. The argument was not recorded, nor did the order contain a written explanation of the underlying reasons for the decision. The defendant subsequently appealed the order to the District Judge, who has remanded the matter for an explanation of the basis for the April 16th order. I then asked Entegris to submit the documents at issue for *in camera* review. For the reasons set forth *infra*, the 4/16/08 order is vacated and the motion to compel is denied.

  In May 2007, Entegris filed a second amended answer, adding a defense of equitable estoppel. At a deposition in November 2007, Pall requested the production of all documents relating to Entegris's advice of counsel regarding the alleged invalidity, unenforceability, and/or non-infringement of Pall's '439 patent family. In making the earlier order, I agreed with the plaintiff's argument that in asserting a defense of equitable estoppel, Entegris placed in issue its reliance on alleged actions or inaction by Pall, and that Pall was entitled to an opportunity to show that Entegris actually relied on something other than Pall's actions or inaction. Pall argued that Entegris's refusal to produce documents "evidencing its receipt of any advice of counsel with respect to the alleged invalidity, unenforceability, an/or non-infringement of Pall's '439

patent family has impeded Pall's ability to rebut Entegris's defense." DE[117] at 2. Having now reviewed the issues and law relevant to the motion and the documents produced for in camera review, I vacate the order of 4/16/08 and deny the motion to compel.

I am now convinced that Entegris has not placed any of its privileged communications at issue, including in support of its defense of equitable estoppel. As Entegris argued in its opposition to the original motion, it has identified the conduct on which it relied in determining to continue manufacturing its accused products as: (1) Pall's contention that its patented filter packaging was "quite distinct" from Entegris's packaging, (2) Pall's statements to the US Patent and Trademark Office; and (3) Pall's long delay in filing suit while competing against Entegris in the marketplace. *See* DE[119] at 2. The court takes no position on the merit of these bases for reliance, but agrees that Entegris has not identified any reliance on the advice of its counsel, nor on any privileged communication, and thus has not placed any privileged communications at issue. Further, the court has examined the documents submitted for in camera review and finds, as Entegris argued, that none of the withheld documents discusses Entegris's reliance on Pall's actions.

For these reasons, the order of 4/16/08 is vacated, the motion to compel, DE[117], is denied, and no costs or attorney's fees are awarded.

Dated: Central Islip, New York  **SO ORDERED:**
      September 2, 2008

                                                                  /s/ William D. Wall
                                                                  WILLIAM D. WALL
                                                                  United States Magistrate Judge